Homero BORDAS, Plaintiff–Appellant,

v.

Superintendent Charles GREINER, Green Haven Correctional Facility, Sergeant Keyser, Correctional Lieutenant, Sergeant Ulrich, Correctional Sergeant, Miller, Correctional Officer, Kutz, Correctional Officer, Defendants–Appellees.

No. 07–0232–pr.

United States Court of Appeals, Second Circuit.

Jan. 23, 2008.

Homero Bordas, Rome, NY, for Appellant.

Andrew M. Cuomo, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Benjamin N. Gutman, Deputy Solicitor General, Marion R. Buchbinder, Assistant Solicitor General, New York, NY, for Appellees.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Homero Bordas, *pro se,* appeals from the October 12, 2006, 2006 WL 2935298, judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*) granting defendants-appellees' motion for summary judgment. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

This Court reviews an order granting summary judgment *de novo,* and asks whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003) (internal quotations omitted). This Court will affirm the dismissal of a claim on summary judgment only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." *Id.* (internal quotation marks omitted).

We have construed Appellant's *pro se* submission liberally. *See Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.2006). Having considered all of Appellant's arguments, we hold that, for substantially the reasons stated in the District Court's October 12, 2006 order, Bordas's claims were time-barred and were therefore properly dismissed. Accordingly, the judgment of the district court is AFFIRMED.